UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:11-cr-100 |
| v. ) | |
| ) | COLLIER / LEE |
| COLTON PARTIN ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 6, 2012. At the hearing, defendant waived his right to prosecution by indictment and consented to proceeding on information rather than indictment, and entered a plea of guilty to Count One of the One-Count Bill of Information pursuant to a written plea agreement. I find defendant made a knowing and voluntary waiver of indictment and consent to proceed before the magistrate judge. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises; apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's plea of guilty to Count One of the Bill of Information be accepted, and the Court adjudicate defendant guilty of the charges set forth in Count One of the Bill of Information, and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant has been released on bond under appropriate conditions of release pending sentencing in this matter without objection. Acceptance of the plea, adjudication of guilt,

acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

                                      s/ *Susan K. Lee*
                                      SUSAN K. LEE
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).